**SIGNED THIS: December 1, 2015**

_____
**William V. Altenberger
United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TIMOTHY L. SCHWEIGHART and ) | Case No.  14-91045 |
| JACQUELINE A. SCHWEIGHART, ) | |
| ) | |
| Debtors. ) | |

**O P I N I O N**

The matter before the Court is the confirmation of the Debtors' second amended Chapter 13 plan (Plan) and the objections thereto filed by the Chapter 13 Trustee and the United States of America on behalf of the Internal Revenue Service.  The Plan is for 5 years and provides for the following payments into the Plan: $500 per month for 7 months; $875 per month for 3 months; $1,232 per month for 35 months; and $5,819 for the final 15 months.

The Plan proposes to pay the following creditors: for the first 45 months a total of $40,139.26 to PNC Bank, which holds a 1st and 2nd mortgage on their residence.  After PNC Bank has been paid, the Internal Revenue Service is to be paid over the last 15 months of the Plan the following: $56,213.15 as a priority claim and $27,753.22 as a secured claim.

Both the Chapter 13 Trustee and the Internal Revenue Service objected to the Plan on the basis that the Plan is not feasible and is not proposed in good faith. A confirmation hearing was held and at the hearing the Debtors were candid that the purpose of their Chapter 13 case was to save their residence. They conceded that they could not make the large payments for the final 15 months of the Plan and their intent was to convert their Chapter 13 case to one under Chapter 7 of the Bankruptcy Code when the first of those large payments became due. The matter was taken under advisement.

This Court would start with two general observations. First, issues of feasibility and good faith are normally factually driven. With that in mind, this Court offered the parties an opportunity to present evidence. All parties declined, indicating the issues could be decided based on the filings in this Chapter 13 case, the pleadings and the arguments.

The second observation is that the parties have cited the usual cases setting forth the factors to be considered in deciding feasibility and good faith issues. This Court will not discuss those factors as the cited cases discuss broad general factors and the case before this Court, for the reasons set forth below, have specific factors, which govern these two issues. In that regard, the Debtors' Plan and its implementation go beyond the broad general factors usually applied in deciding feasibility and good faith issues

To be confirmable under § 1325 of the Bankruptcy Code, 11 U.S.C. § 1325, the Debtors' Plan must be feasible (§ 1325(a)(6)) and the Plan must have been proposed in good faith (§ 1325 (a)(3)). Turning first to the issue of feasibility, the Plan is not confirmable as the Debtors concede they will not be able to make the $5,819 monthly payment starting with the 45th month of the Plan.

Nor was the Plan filed in good faith. The Debtors filed it knowing it was not feasible and with no intention of completing it as filed. To avoid the feasibility challenge, the Debtors propose to implement their Plan by making the first 45 payments, which they can afford, and then converting their

2

Chapter 13 case to one under Chapter 7 when they are required to make the larger payments during the last 15 months of the Plan, which they cannot afford. But this tactic leads to the conclusion that their Plan was not filed in good faith. To be in good faith, the Debtors must propose a plan that pays their creditors in accordance with the provisions of Chapter 13 of the Bankruptcy Code with the intention of implementing their plan as filed. They cannot propose a plan which states they will pay their creditors in accordance with the Bankruptcy Code, while at the same time never intending to pay their creditors in accordance with their plan.

If the Plan was confirmed and it was implemented in the manner stated by the Debtors, one of the consequences would be that the Internal Revenue Service's priority claim would not be paid, contrary to the requirements of § 1322(a)(2) of the Bankruptcy Code, 11 U.S.C. § 1322(a)(2), which requires a plan to provide for the full payment of priority claims, and the Internal Revenue Service's secured claim would not be paid contrary to the requirements of §1325(a)(5) of the Bankruptcy Code, which provides for the payment of secured claims in "equal monthly payments."

While the Debtors' goal of saving their residence is an admirable one, they cannot do so by manipulating the Bankruptcy Code to the detriment of their other creditors. The objectionable nature of the Plan goes beyond the standard concepts of feasibility and good faith, affronting the very spirit and integrity of Chapter 13. Chapter 13 is premised upon a debtor's sincere and honest efforts to repay all creditors. *In re Ashton*, 63 B.R. 244 (Bankr.D.N.D. 1986). The purpose of Chapter 13 is to enable the debtor to develop and perform under a plan for the repayment of debts over an extended period, whether it results in a substantial or minimal repayment of the claims provided for in the plan. H.R.Rep. No. 595, 95th Cong., 1st Sess. 118 (1977), *reprinted in* [1978] U.S. Code Cong. & Ad.News 5963, 6079. The Debtors' proposal is not a plan, but a plot, hatched in a desperate attempt to save their residence. The Debtors have no intention to effectuate the Plan as proposed. This is clearly not what a Chapter

13 case was designed for.  As Congress itself recognized, Chapter 13 is not for everyone.  *See In re Gavia*, 24 B.R. 573 (9th Cir.BAP 1982).  The Debtors' Plan does not reflect a sincere desire to repay creditors in accordance with the purpose of Chapter 13 and is not confirmable.

For the reasons stated, confirmation of the Debtors' Plan is denied and they are given 28 days within which to file an amended plan.  This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate Order will be entered.

###